UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN M. WOLFF, MD
3410 Concerto Lane
Green Bay, WI 54311                                    Case No. 22-CV

          and

DOUGLAS K. GROVE, MD
S69W25030 Longview Dr.
Vernon, WI 53188

                    Plaintiffs,

     v.

MEDICAL COLLEGE OF WISCONSIN AFFILIATED HOSPITALS, INC.
8701 Watertown Plank Road
Milwaukee, WI 53226

                    Defendant.

## VERIFIED COMPLAINT

Plaintiffs, Kathryn Wolff, MD, and Douglas Grove, MD, by and through their
undersigned counsel, bring this Complaint against the Defendant, Medical College of Wisconsin
Affiliated Hospitals, Inc, (MCWAH). In support of this Complaint, Plaintiffs allege as follows:

### INTRODUCTION

1.     This action is based on violations of Title VII of the Civil Rights Act of 1964 (42
U.S.C. § 2000e et seq.), the Wisconsin Fair Employment Act (Wis. Stat. §§ 111.31 to 111.395),
and the common law tort of Wrongful Termination in Violation of Public Policy. The gravamen
of this Compliant is that Defendant, MCWAH, refused to accommodate, otherwise discriminated

1

against, retaliated against, and subsequently terminated Drs. Wolff and Grove because they requested accommodation for their religious beliefs and exercised their protected rights. MCWAH knew or should have reasonably known that Drs. Wolff and Grove held religious beliefs because they asserted them. MCWAH nevertheless failed to accommodate and terminated Drs. Wolff and Grove in retaliation for seeking an accommodation and exercising their rights.

## JURISDICTION AND VENUE

2.      This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiffs' related claims arising from corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a), and the common law tort of Wrongful Termination in Violation of Public Policy.

3.      Venue is proper in the Eastern District of Wisconsin under 42 U.S.C. § 2000e-5(f)(3), in that the Defendant maintains significant operations within the Eastern District. This case is appropriate for the assignment in the Milwaukee Division as the principal office of the Defendant is at 8701 Watertown Plank Road, Milwaukee, Wisconsin, 53226. Furthermore, a substantial part of the events or omissions giving rise to the claims in this lawsuit occurred in Milwaukee County and in this district.

## PARTIES

4.      Plaintiff, Kathryn M. Wolff, MD, is a lifelong, practicing Catholic. Dr. Wolff dedicated her studies and resources to pursue a vocation as an anesthesiologist.  Upon graduating from the Medical College of Wisconsin (MCW), Dr. Wolff began her residency in anesthesiology with MCWAH on or about July 1, 2019.

2

5. Plaintiff, Douglas K. Grove, MD, is a lifelong, practicing Catholic. Dr. Grove dedicated his resources and studies to pursue a vocation as an anesthesiologist. Upon graduating from the University of Illinois College of Medicine at Rockford, Dr. Grove began his residency in anesthesiology with MCWAH on or about July 1, 2020.

6. Drs. Wolff and Grove filed discrimination claims against MCWAH with the Equal Rights Division (ERD) of the Wisconsin Department of Workforce Development (DWD). When subsequently terminated, Drs. Wolff and Grove filed retaliation claims against MCWAH with the ERD. By their counsel, Drs. Wolff and Grove received "Right to Sue" letters from the U.S. Equal Employment Opportunity Commission (EEOC) for each of their claims on June 27, 2022. The letters serve as Exhibit One of this complaint.

7. Upon information and belief MCWAH is a private consortium established to facilitate the administration of graduate medical education conducted by MCW, employing 900 residents and fellows. MCWAH is an "employer" within the meaning of 42 U.S.C. § 2000e.

## FACTUAL BACKGROUND

8. Drs. Wolff and Grove are lifelong, practicing Catholics, baptized as infants, and educated in the faith.

9. Drs. Wolff and Grove were employed by MCWAH throughout the height of the COVID-19 pandemic, serving on the frontlines by treating COVID-19 patients while safely protecting themselves with the personal protective equipment provided by MCWAH through MCWAH's affiliates and the protocols established by MCWAH through MCWAH's affiliates.

10. On August 13, 2021, MCWAH announced a policy requiring employees to be "fully vaccinated" against COVID-19 by receiving two rounds of COVID-19 vaccination by November 1, 2021.

3

11.     MCWAH's COVID-19 vaccination policy purported to provide employees an option to request a medical or religious exemption from the vaccine by using an exemption form through Froedtert Hospital's Internal Occupational Health (IOH). The religious exemption application form stated, "A religious conviction exemption will ONLY be granted if a vaccination violates the tenets of a personally held religious belief". The form had a deadline of August 24, 2021.

12.     According to MCWAH's COVID-19 vaccination policy, unvaccinated employees without a medical or religious exemption would voluntarily *resign* on November 1, 2021, for not complying with the policy.

13.     Drs. Wolff and Grove appropriately and timely submitted their requests for religious exemptions, stating their sincerely held beliefs prohibiting them from the vaccinations based on Catholic moral teachings of bodily integrity, sanctity of conscience, and sanctity of life.

14.     MCWAH denied Dr. Wolff's and Dr. Grove's requests for religious exemptions without detailed explanation, an opportunity for an interactive process, or a possibility of appeal.

15.     In a letter dated September 21, 2021, counsel for Dr. Wolff and Dr. Grove requested reconsideration. That request was summarily denied in a letter from MCWAH's General Counsel, Elizabeth M. Drew, on September 22, 2021, who pontificated on the obligations of Catholics while diminishing Dr. Wolff's and Dr. Grove's sincerely held Catholic beliefs as disingenuous.

16.     In the same letter, Atty. Drew also concluded that accommodating Dr. Wolff's and Dr. Grove's religious practices would pose an undue hardship on the MCWAH consortium, citing the cost of already available personal protective equipment, established safety protocols, and possible temporary work absence if the Dr. Wolff or Dr. Grove were quarantined. The letter

4

ignored the fact that most, if not all, MCWAH affiliates were providing employees religious accommodations to the COVID-19 vaccines, including MCW and Froedtert Hospital.

17.     Also in the same letter, Atty. Drew reminded that Dr. Wolff's and Dr. Grove's *resignation* would be processed if they failed to adhere to the vaccination policy.

18.     On September 20, 2021, Dr. Kenneth Simons, the Designated Institutional Officer (DIO) and Executive Director of MCWAH, paged Drs. Wolff and Grove. Dr. Wolff responded to the page and spoke with Dr. Simons who questioned her about her intentions on COVID-19 vaccination. Dr. Grove responded to the page after his work hours but was unable to connect with Dr. Simons.

19.     On October 13, 2021, Atty. Drew wrote to counsel for Drs. Wolff and Grove, reminding of the consequence of *resignation* should Drs. Wolff and Grove adhere to their religious practice and remain unvaccinated.

20.     On October 14, 2021, Dr. Wolff and Dr. Grove were separately summoned into a meeting. Dr. Wolff met with MCWAH supervisors Dr. Stacey Fairbanks and Dr. Cynthia Lien. Dr. Grove met with supervisor Dr. Fairbanks. The meeting lasted approximately one minute. Both Dr. Wolff and Dr. Grove were asked about their intentions to comply with the vaccination and policy and their mental health. Both were reminded that failure to comply by November 1, 2021, would result in *resignation.*

21.     On October 22, 2021, Dr. Simons sent Dr. Wolff and Dr. Grove a letter stating the choice to forgo COVID-19 vaccination would result in *resignation* from their employment, effective November 1, 2021. In the same letter, Dr. Wolff and Dr. Grove were instructed to direct all future credentialing opportunities to him as MCWAH's DIO. The letter closed with Dr.

Simons reminding Drs. Wolff and Grove the requirement to disclose their failure to complete graduate medical training.

22. Five days later, MCW sent a letter to employees and students who *received* a medical or religious exemption from the COVID-19 vaccine policy. MCW students and employees were informed that accommodations would be overseen by Froedtert IOH, the same department assisting MCW and MCWAH with religious exemption requests.

23. On Friday, October 29, 2021, counsel for Dr. Wolff and Dr. Grove emailed Atty. Drew copies of the complaints of discrimination filed with the ERD and a petition for a Temporary Injunction (TRO) filed with Milwaukee County Circuit Court intended to enjoin MCWAH from forcing *resignation* on Dr. Wolff and Dr. Grove while their discrimination claims were pending.

24. On Monday, November 1, 2021, Atty Drew informed Dr. Wolff and Dr. Grove, by their counsel, that they were placed on *administrative leave* rather than *resignation* as dictated by MCWAH's vaccination policy.

25. The TRO was dismissed at a hearing on November 9, 2021, without prejudice. During the hearing, MCWAH's attorney could not provide the terms of the administrative leave, such as pay.

26. On November 10, 2021, Dr. Simons wrote Drs. Wolff and Grove, explaining their administrative leave was unpaid and that failure to assent to vaccination within five days would result in their *termination*. In the letter, Dr. Simons stated MCWAH was clarifying the status of their employment in the wake of the dismissal of the TRO. Drs. Wolff and Grove were required to receive the first injection by November 16, 2021.

6

27.     On November 15, 2021, counsel for Dr. Wolff and Dr. Grove emailed a letter to Atty Drew, reaffirming the religious convictions of Dr. Wolff and Dr. Grove that prohibited compliance with the vaccination policy and asserting their rights under state and federal employment laws.

28.     On November 16, 2021, Drs. Wolff and Grove received a letter from Dr. Simons informing them of their termination from MCWAH, effective November 15, 2021.

29.     At the time of Plaintiffs' termination, the COVID-19 vaccinations were demonstrating ineffectiveness against the Delta and Omicron variants.

30.     At the time of Plaintiffs' termination, it was evident that MCWAH's affiliates, the State of Wisconsin, and the nation were experiencing severe shortages in healthcare organizations, particularly in hospitals and specifically anesthesiologists.

31.     On March 8, 2022, Dr. Wolff and Dr. Grove filed retaliation complaints with the ERD against MCWAH. Dr. Wolff's and Dr. Grove's professional history was marred by MCWAH placing them on unpaid administrative leave and following with termination, rather than recognizing resignation as promulgated in the vaccination policy since August 13, 2021.

32.     MCWAH's refusal to accommodate, or even explore accommodation of Dr. Wolff's and Dr. Grove's beliefs, was a substantial motivating factor in MCWAH's decision to deprive Dr. Wolff and Dr. Grove of the employment they enjoyed and the profession they sought.

33.     Dr. Wolff's and Dr. Grove's religious beliefs were a motiving factor in their termination. The Defendant violated Plaintiffs' state and federal rights under Title VII and the WFEA with malice and reckless indifference.

34.     Dr. Wolff's and Dr. Grove's income and health insurance ceased immediately and unexpectedly, causing financial hardship on their ability to financially support themselves.

35. Dr. Wolff's and Dr. Grove's deeply invested professional path pursuing a vocation of anesthesiology was impeded with malice and reckless indifference.

36. On June 27, 2022, Dr. Wolff and Dr. Grove obtained "Right to Sue" letters on each ERD complaint from the EEOC. A "Right to Sue" letter from the EEOC satisfies the requirements of both the EEOC and the ERD demonstrated as Exhibit One.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Termination and Retaliation based on Religion Against Defendant**

37. Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

38. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

39. Dr. Wolff and Dr. Grove were always relevant herein employees and applicants covered by 42 U.S.C. §2000e, et seq., prohibiting discrimination in employment based on religion. Defendant was always herein an employer for purposes of 42 U.S.C. § 200e, et seq.

40. Dr. Wolff and Dr. Grove hold deep sincere religious objections to receiving the COVID-19 vaccine.

8

41. Although Dr. Wolff and Dr. Grove informed MCWAH of their Catholic faith and practices, MCWAH concluded that Dr. Wolff and Dr. Grove did not have sincere religious beliefs which conflicted with receiving the COVID-19 vaccine.

42. MCWAH refused to converse or interact with Dr. Wolff and Dr. Grove regarding their Catholic faith to further understand their beliefs and religious practices.

43. Dr. Wolff's and Dr. Grove's religious accommodation request was denied without MCWAH exploring any alternatives that might have been available to accommodate their religious beliefs.

44. Dr. Wolff's and Dr. Grove's religious beliefs and practices were therefore a motivating factor in their termination.

45. Dr. Wolff and Dr. Grove suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

46. MCWAH intentionally violated Plaintiffs' rights under Title VII with malice and reckless indifference.

47. Dr. Wolff and Dr. Grove are entitled to backpay, front pay, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendant violated their rights under Title VII, and an injunction preventing Defendant from enforcing their discriminatory policies.

48. Dr. Wolff and Dr. Grove are entitled to further relief as set forth below in their Prayer for Relief.

## SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]
Failure to Provide Religious Accommodation Against Defendant**

49.     Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

50.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

51.     Dr. Wolff and Dr. Grove suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

52.     Defendant intentionally violated Dr. Wolff's and Dr. Grove's rights under Title VII with malice and reckless indifference.

53.     Plaintiffs are entitled to backpay, front pay, compensatory damages, punitive damages, attorneys' fees, costs of suit, a declaration that Defendant violated his rights under the WFEA, and an injunction preventing Defendant from enforcing their discriminatory practices.

54.     Plaintiffs are entitled to further relief as set forth in their Prayer for Relief.

## THIRD CAUSE OF ACTION

**Violation of the Wisconsin Fair Employment Act (Wis. Stat. §§ 111.31 – 111.395)
Discrimination and Retaliation based on Religious Creed Against Defendant**

55.     Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

56.     Under the WFEA, it is further unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of the employee's religious creed.

10

57.     Dr. Wolff and Dr. Grove were always relevant herein employees for purposes of the WFEA.

58.     Defendant was always relevant herein an employer for purposes of the WFEA.

59.     Plaintiffs were always relevant herein members of a protected class.

60.     The WFEA broadly defines creed to include all aspects of observance and practice.

61.     Defendant intentionally discriminated against Dr. Wolff and Dr. Grove by making adverse employment decisions against them – by multiple threats of constructive discharge, placing Plaintiffs on unpaid administrative leave, and terminating employment after their exemplary service throughout the COVID-19 pandemic and their tenure with MCWAH.

62.     Defendant demonstrated discriminatory animus toward Plaintiffs by showing callous indifference toward their sincerely held religious beliefs and inflicting adverse employment actions of unpaid administrative leave and termination. Defendant subsequently terminated Plaintiffs' employment without considering or providing any alternative after Plaintiffs' requests for religious accommodation, denying an interactive process. Defendant discriminated against Plaintiffs based on their religious creed.

63.     Defendant terminated Plaintiffs' employment because of their religious creed and in retaliation for Plaintiffs filing of discrimination complaints with the ERD and proceeding with a TRO.

64.     Defendant intentionally violated Dr. Wolff's and Dr. Grove's rights under the WFEA with malice and reckless indifference.

11

65.     Dr. Wolff and Dr. Grove suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

66.     Plaintiffs are entitled to backpay, front pay, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendant violated his rights under the WFEA, and an injunction preventing Defendant from enforcing their discriminatory practices.

67.     Plaintiffs are entitled to further relief as set forth in their Prayer for Relief.

## FOURTH CAUSE OF ACTION

### Violation of the Wisconsin Fair Employment Act (Wis. Stat. §§ 111.31 – 111.395) Failure to Provide Religious Accommodation Against Defendant

68.     Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

69.     Under the WFEA, it is an unlawful employment practice for an employer to terminate a person's employment because of a conflict between the person's religious beliefs or observance and any employment requirement, unless the employer demonstrates that it has explored all reasonable means of accommodation of the religious beliefs or observance.

70.     Plaintiffs were persons and employees of Defendant within the meaning of the WFEA.

71.     Defendant was always relevant herein employer of Plaintiffs for purposes of the WFEA.

72.     Plaintiffs are faithful Catholics.

73.     Plaintiffs hold sincerely religious beliefs, grounded in Catholic moral teaching on respect for bodily integrity, sanctity of conscience, and sanctity of life, which prohibit them from

12

receiving the COVID-19 vaccines. Dr. Wolff and Dr. Grove believe receiving COVID-19 vaccination would be a violation of their faith.

74.    Plaintiffs requested an accommodation from Defendant. Defendant initially denied the request without explanation, denied an opportunity to appeal, and refused to engage in an interactive process regarding Plaintiffs' requests for exemptions.

75.    Defendant repeatedly chivvied Plaintiffs about their personally held religious beliefs and practices. Each time, Dr. Wolff and Dr. Grove explained they could not compromise their religious convictions.

76.    Defendant refused to explore available reasonable alternatives to allow Dr. Wolff and Dr. Grove to do their job. Defendant refused to engage in any timely, interactive, meaningful, or good faith process with Plaintiffs to accommodate their sincerely held religious beliefs.

77.    Defendant's refusal to accommodate, or even explore any kind of accommodation of Plaintiffs' religious beliefs, was a substantial motivating factor in Defendant's decision to deprive Plaintiff of the employment they enjoyed and the profession they invested in with passion.

78.    Defendant intentionally violated Dr. Wolff's and Dr. Grove's rights under the WFEA with malice and reckless indifference.

79.    Dr. Wolff and Dr. Grove suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

80. Plaintiffs are entitled to backpay, front pay, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendant violated his rights under the WFEA, and an injunction preventing Defendant from enforcing their discriminatory practices.

81. Plaintiffs are entitled to further relief as set forth in their Prayer for Relief.

## FIFTH CAUSE OF ACTION

**Violation of the Wisconsin Fair Employment Act (Wis. Stat. §§ 111.31 – 111.395)**

**Unlawful Retaliation for Plaintiffs' Charges, Proceedings, and Oppositions to Discrimination Against Defendant**

82. Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

83. Pursuant to the WFEA, an employer may not fire, demote, harass, or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination.

84. Dr. Wolff and Dr. Grove were always relevant herein individuals and employees for purposes of the WFEA.

85. Defendant was always relevant herein an employer for purposes of the WFEA.

86. Plaintiffs' requests for religious exemptions from MCWAH's vaccination policy were discriminatorily refused by Defendant without an interactive engagement, and with malice and reckless disregard.

87. Plaintiffs were informed by Defendant, on multiple occasions and in multiple formats, that failure to comply with MCWAH's vaccination policy would result in *resignation*.

88. Dr. Wolff and Dr. Grove each filed discrimination complaints with the ERD against MCWAH.

14

89.     Dr. Wolff and Dr. Grove proceeded with filing a TRO to enjoin MCWAH from forcing a *resignation* on Plaintiffs while their discrimination claims were pending.

90.     In response to the TRO, Defendant placed Plaintiffs on unpaid *administrative leave*, permanently marring their exemplary professional history, hindering prospective future anesthesiology residencies and employment.

91.     Upon dismissal of the TRO, Defendant removed the *resignation* designation, threatening *termination* which permanently mars their exemplary professional history, hindering prospective future anesthesiology residencies and employment.

92.     Defendant subsequently *terminated* Plaintiffs on November 15, 2021, for adhering to their religious convictions, permanently marring their exemplary professional history, hindering future anesthesiology residencies and employment.

93.     In lieu of an accommodation or *resignation*, Defendant placed Plaintiffs on *unpaid administrated leave* and *terminated* Plaintiffs in retaliation for filing charges of discrimination, participating in a discrimination proceeding, and otherwise opposing discrimination.

94.     Defendant intentionally violated Dr. Wolff's and Dr. Grove's rights under the WFEA with malice and reckless indifference.

95.     Dr. Wolff and Dr. Grove suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

96.     Plaintiffs are entitled to backpay, front pay, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendant violated his rights under the WFEA, and an injunction preventing Defendant from enforcing their discriminatory practices.

15

97.     Plaintiffs are entitled to further relief as set forth in their Prayer for Relief.

## SIXTH CAUSE OF ACTION

### Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.] Retaliation Against Plaintiffs' Protected Activity Against Defendant

98.     Title VII ensures that individuals are free to raise complaints of potential equal employment opportunity (EEO) violations or engage in other EEO activity without employers taking materially adverse actions in response. Retaliation occurs when an employer takes a materially adverse action because an individual has engaged, or may engage, in activity in furtherance of the EEO laws.

99.     Dr. Wolff and Dr. Grove were always relevant herein individuals and employees for purposes of 42 U.S.C. § 2000e, et seq.

100.    Defendant was always relevant herein an employer for purposes of 42 U.S.C. § 2000e, et seq.

101.    Plaintiffs' requests for religious exemptions from MCWAH's vaccination policy were discriminatorily refused by Defendant without an interactive engagement, and with malice and reckless disregard.

102.    Plaintiffs were informed by Defendant, on multiple occasions and in multiple formats, that failure to comply with MCWAH's vaccination policy would result in *resignation.*

103.    Dr. Wolff and Dr. Grove each filed discrimination complaints with the ERD against MCWAH.

104.    Dr. Wolff and Dr. Grove proceeded with filing a TRO to enjoin MCWAH from forcing a *resignation* on Plaintiffs while their discrimination claim was pending.

105. In response to the TRO, Defendant placed Plaintiffs on unpaid temporary administrative leave, permanently marring their exemplary professional history, hindering prospective future anesthesiology residencies and employment.

106. Upon dismissal of the TRO, Defendant removed the *resignation* designation, threatening *termination* which permanently mars their exemplary professional history, hindering prospective future anesthesiology residencies and employment.

107. Defendant subsequently *terminated* Plaintiffs on November 15, 2021, for adhering to their religious convictions, permanently marring their exemplary professional history, hindering future anesthesiology residencies and employment.

108. In lieu of an accommodation, leave of absence, or *resignation*, Defendant placed Plaintiffs on *unpaid administrated leave* and *terminated* Plaintiffs in retaliation for filing charges of discrimination, participating in a discrimination proceeding, and otherwise opposing discrimination.

109. Defendant intentionally violated Dr. Wolff's and Dr. Grove's rights under Title VII with malice and reckless indifference.

110. Dr. Wolff and Dr. Grove suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

111. Plaintiffs are entitled to backpay, front pay, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendant violated his rights under the Title VII, and an injunction preventing Defendant from enforcing their discriminatory practices.

112. Plaintiffs are entitled to further relief as set forth in their Prayer for Relief.

## SEVENTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy
### Common Law Tort Against Defendant

113.    Plaintiffs hereby reallege and incorporate by reference the preceding paragraphs as though fully set forth herein.

114.    Dr. Wolff and Dr. Grove were always relevant herein individuals and employees for purposes of 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment and retaliation for engaging in protected activities.

115.    Defendant was always relevant herein an employer for purposes of 42 U.S.C. § 2000e, et seq.

116.    As Catholics, Plaintiffs were always relevant herein members of a protected class for purposes of 42 U.S.C. § 2000e, et seq.

117.    Defendant was aware of the sincere religious beliefs Plaintiffs hold.

118.    Dr. Wolff and Dr. Grove were always relevant herein individuals and employees for purposes of the WFEA, prohibiting discrimination in employment and retaliation for engaging in protected activities.

119.    Defendant was always relevant herein an employer for purposes of the WFEA.

120.    As Catholics, Plaintiffs were always relevant herein members of a protected class for purposes of the WEFA.

121.    Defendant was aware of the sincere religious beliefs Plaintiffs hold.

122.    Wis. Stat. § 111.31 (3)  states, "It is declared to be the public policy of the state to encourage and foster to the fullest extent practicable the employment of all properly qualified individuals regardless of age, race, creed."

18

123. Wis. Stat. § 111.31 (5) further states, " the prohibition of discrimination on the basis of creed under s. 111.337 is a matter of statewide concern."

124. Plaintiffs felt bullied into getting the vaccine, causing anxiety and stress due to their employer prodding and forcing them to choose between their deeply held religious beliefs, their financial livelihood and their passion to be anesthesiologists.

125. Dr. Wolff and Dr. Grove were terminated for requesting a religious accommodation in compliance with both Title VII of the Civil Rights Act of 1964, and the WFEA (Wis. Stat §§ 111.31 to 111.395).

126. Defendant refused to explore available reasonable alternatives to allow Dr. Wolff and Dr. Grove to do their job. Defendant refused to engage in any timely, interactive, meaningful, or good faith process with Plaintiffs to accommodate their sincerely held religious beliefs.

127. Defendant's refusal to accommodate, or even explore any kind of accommodation of Plaintiffs' religious beliefs, was a substantial motivating factor in Defendant's decision to deprive Plaintiff of the employment they enjoyed and the profession they invested in with passion.

128. Defendant intentionally violated Dr. Wolff's and Dr. Grove's rights under the Title VII and the WFEA with malice and reckless indifference.

129. Plaintiffs' religious beliefs and practices were therefore a motivating factor in their termination.

130. Dr. Wolff and Dr. Grover exercised their rights under Title VII and the WFEA by filing discrimination claims and proceeding with a TRO.

131.    Dr. Wolff and Dr. Grove were placed on unpaid administrative leave and terminated in retaliation for engaging in protected activity under Title VII of the Civil Rights Act of 1964, and the WFEA (Wis. Stat §§ 111.31 to 111.395).

132.    At the time of Plaintiffs' termination, the COVID-19 vaccinations were demonstrating ineffectiveness against the Delta and Omicron variants.

133.    At the time of Plaintiffs' termination, it was evident that MCWAH's affiliates, the State of Wisconsin, and the nation were experiencing severe shortages in healthcare organizations, particularly in hospitals and specifically anesthesiologists.

134.    There were no valid reasons whatsoever for unpaid administrative leave and terminating Plaintiffs' employment, other than Plaintiff's requests for religious exemptions and exercising their rights under Title VII and the WFEA.

135.    Dr. Wolff and Dr. Grove suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

136.    Defendant intentionally violated Dr. Wolff's and Dr. Grove's rights under the WFEA with malice and reckless indifference.

137.    Plaintiffs are entitled to backpay, front pay, compensatory damages, punitive damages, attorney fees, costs of suit, a declaration that Defendant violated his rights under the WFEA, and an injunction preventing Defendant from enforcing their discriminatory practices.

138.    Plaintiffs are entitled to further relief as set forth in their Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Dr. Wolff and Dr. Grove respectfully pray this Court grant relief as follows:

A. Award Plaintiffs backpay, including past loss wages and benefits, plus interest;

B. Award Plaintiffs front pay, including future wages and benefits;

C. Award Plaintiffs other and further compensatory damages in an amount according to proof;

D. Award Plaintiffs noneconomic damages, including but not limited to mental health suffrage;

E. Award Plaintiffs reasonable attorneys' fees and costs of suit.

F. Award Plaintiffs punitive damages;

G. Enjoin Defendant from enforcing their discriminatory policies;

H. Declare that Defendant has violated Title VII of the Civil Rights Act and the WFEA; and

I. Grant Plaintiffs such additional or alternative relief as the Court deems just and proper.

Dated: September 23, 2022

/s/ Carol Lee Ferrero
Carol Lee Ferrero
Pacific Justice Institute
9714 North Valley Hill Drive
Mequon, Wisconsin 53092
Phone: 262-227-7203
cferrero@pji.org

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KATHRYN M. WOLFF, MD

        Case No. 22-CV

    and

DOUGLAS K. GROVE, MD

        Plaintiffs,

    v.

MEDICAL COLLEGE OF WISCONSIN AFFILIATED HOSPITALS, INC.

        Defendant.

---

## VERIFICATION

I, Kathryn M. Wolff, MD, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. § 2000e et seq.] and the Wisconsin Fair Employment Act (Wis. Stat. §§ 111.31 – 111.395) and am familiar with the same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of Wisconsin, that the foregoing is true and correct.

1

Dated September 23, 2022,

X Kathryn Wolff

Printed Name: Kathryn M. Wolff, MD

2

KATHRYN M. WOLFF, MD

Case No. 22-CV

and

DOUGLAS K. GROVE, MD

Plaintiffs,

v.

MEDICAL COLLEGE OF WISCONSIN AFFILIATED HOSPITALS, INC.

Defendant.

## VERIFICATION

I, Douglas K. Grove, MD, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. § 2000e et seq.] and the Wisconsin Fair Employment Act (Wis. Stat. §§ 111.31 – 111.395) and am familiar with the same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of Wisconsin, that the foregoing is true and correct.

1

Dated September 23, 2022.

X _Douglas Grove_

Printed Name: Douglas K. Grove, MD

# EXHIBIT ONE

Dr. Kathryn Wolff's and Dr. Douglas Grove's Notices of "Right to Sue"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/24/2022

**To:** Kathryn K. Wolff
993 W North Av Apt 241
Wauwatosa, WI 53210

Charge No: 26G-2022-00097

EEOC Representative and email:   Adam Carvill
Investigator
adam.carvill@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Julianne Bowman
06/24/2022

Julianne Bowman
District Director

**cc:**

Medical College of Wisconsin
c/o Farrah Rifelj
Michael Best and Friedrich LLP
PO Box 1806
Madison, WI 53701-1806

CAROL L FERRERO
PJI
9714 N VALLEY HILL DR
Mequon, WI 53092

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 26G-2022-00097 to the District Director at Julianne Bowman, 230 S Dearborn Street

Chicago, IL 60604.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/24/2022

**To:** Douglas K. Grove
S69w25030 Longview Dr
Waukesha, WI 53189

Charge No: 26G-2022-00098

EEOC Representative and email:   Adam Carvill
Investigator
adam.carvill@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Julianne Bowman
06/24/2022

Julianne Bowman
District Director

cc:

Medical College of Wisconsin
c/o Farrah Rifelj
Michael Best and Friedrich LLP
PO Box 1806
Madison, WI 53701-1806

Carol Lee Ferrero
Pacific Justice Institute
9714 N. Valley Hill Drive
Mequon, WI 53092

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 26G-2022-00098 to the District Director at Julianne Bowman, 230 S Dearborn Street

Chicago, IL 60604.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/24/2022

**To:** KATHRYN WOLFF
3410 CONCERTO LN
Green Bay, WI 54311

Charge No: 26G-2022-00672

EEOC Representative and email:     Adam Carvill
                                  Investigator
                                  adam.carvill@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Julianne Bowman
06/24/2022

Julianne Bowman
District Director

**cc:**

Medical College of Wisconsin
c/o Farrah Rifelj
Michael Best and Friedrich LLP
PO Box 1806
Madison, WI 53701-1806

CAROL L FERRERO
PJI
9714 N VALLEY HILL DR
Mequon, WI 53092

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 26G-2022-00672 to the District Director at Julianne Bowman, 230 S Dearborn Street

Chicago, IL 60604.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/24/2022

**To:** DOUGLAS GROVE
S69W25030 LONGVIEW DR
Vernon, WI 53188

Charge No: 26G-2022-00673

EEOC Representative and email:  Adam Carvill
Investigator
adam.carvill@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Julianne Bowman
06/24/2022

Julianne Bowman
District Director

cc:

Medical College of Wisconsin
c/o Farrah Rifelj
Michael Best and Friedrich LLP
PO Box 1806
Madison, WI 53701-1806

CAROL L FERRERO
PJI
9714 N VALLEY HILL DR
Mequon, WI 53092


Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 26G-2022-00673 to the District Director at Julianne Bowman, 230 S Dearborn Street

Chicago, IL 60604.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required): ☐ Green Bay Division ☐ Milwaukee Division

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kathryn M. Wolff<br><br>Douglas K. Grove | Medical College of Wisconsin Affiliated Hospitals, Inc. |

**(b)** County of Residence of First Listed Plaintiff **Brown County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Milwaukee**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carol Lee Ferrero, Pacific Justice Institute
9714 N Valley Hill Dr, Mequon, WI 53092
Phone: 262-227-7203

Attorneys *(If Known)*
Farrah Rifelj
Michael Best and Friedrich LLP
P.O. Box 1806, Madison, WI 53701

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☒ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act 42 U.S.C. 200e and Wisconsin Fair Employment Act (Wis. Stat 111.31 to 111.395)
Brief description of cause:
Plaintiffs were unlawfully denied religious accommodation suffering adverse employment actions and retaliation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See updated instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 09/23/2022 | /s/ Carol Lee Ferrero |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending and previously filed cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases and file a Notice of Related Action pursuant to Civil L.R. 3(b).

**Date and Attorney Signature.** Date and sign the civil cover sheet.