UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHRYN M. WOLFF, MD, and
DOUGLAS K. GROVE, MD,

        Plaintiffs,

v.                                                                        Case No. 2:22-cv-01117-PP

MEDICAL COLLEGE OF WISCONSIN
AFFILIATED HOSPITALS, INC.,

        Defendant.

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, through undersigned counsel, hereby notify this Honorable Court of recent supplemental authority that is directly relevant to the pending Motion to Dismiss that is currently pending before this Court. (ECF Doc. 30)

On June 29, 2023, the Supreme Court of the United States issued a unanimous opinion in *Groff v. United States Postal Service,* No. 22-174 (argued April 18, 2023, decided June 29, 2023). This opinion is particularly relevant to the issues of employer "undue hardship" raised in the Defendant's Motion to Dismiss, and central to arguments in the Plaintiffs' Response that Defendant failed to prove "undue hardship" and failed to provide reasonable accommodations.

On June 29, 2023, the Supreme Court of the United States held that showing "more than a *de minimis* cost" – a standard employed by Defendant -- does <u>not</u> suffice to establish "undue hardship" under Title VII." (p. 15). (emphasis added) In revisiting the previously "controlling

1

case," *Hardison*[1], the Court explained that "[t]he erroneous *de minimis* interpretation of *Hardison* may have had the effect of leading courts to pay insufficient attention to what the actual text of Title VII means with regard to several recurring issues. Since we are now brushing away that mistaken view of *Hardison's* holding, clarification of some of those issues—in line with the parties' agreement in this case—is in order." (p. 19).

Moreover, the Supreme Court emphasized that the employer must consider accommodation options -- *plural* - -to determine if it can reasonably accommodate an accommodation request, it is not enough to simply rule out one specific, possible accommodation:

> "Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations. See *Adeyeye*, 721 F. 3d, at 455; see also Brief for United States 30, 33, 39. This distinction matters. Faced with an accommodation request like Groff's, it would not be enough for an employer to conclude that forcing other employees to work overtime would constitute an undue hardship. Consideration of other options, such as voluntary shift swapping, would also be necessary." (p. 20)

Furthermore, it is to be noted that the *Groff* court did not overrule *Hardison*, it merely clarified the correct standard. Therefore, no issues of retroactivity previously raised by the Court on March 1, 2023 apply. However, we submit that even if Defendants claim that *Groff* is not retroactive, when the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Court's] announcement of the rule." *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 96, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).

A copy of the *Groff* decision is attached as **Exhibit 3**.

---

[1] Trans World Airlines, Inc. v. Hardison, 432 U. S. 63 (1977)

Dated June 30, 2023                                  Respectfully submitted,

                                                        PACIFIC JUSTICE INSTITUTE

*/s/ Carol Lee Ferrero*
Carol Lee Ferrero
9714 N. Valley Hill Dr.
Mequon, Wisconsin 53092
cferrero@pji.org
262-227-7203

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 30, 2023 did file this document using the CM/ECF which will send notice of its filing to all counsel of record.

*/s/ Carol Lee Ferrero*
Carol Lee Ferrero
9714 N. Valley Hill Dr.
Mequon, Wisconsin 53092
cferrero@pji.org
262-227-7203

*Counsel for Plaintiff*